UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES GRAWEY, and
DAWN WENTWORTH

        Plaintiffs,

v.

Case Number 06-12078-BC
Honorable Thomas L. Ludington

CLARE CITY POLICE OFFICER DAVID
SAAD, *in his individual capacity*, CLARE
COUNTY DEPUTY BRAD DAVIS, *in his
individual capacity*, AND SENECA BOOTH,
*an individual*, Jointly and Severally,

        Defendants.
_____/

## **ORDER DENYING DEFENDANT SAAD'S MOTION FOR STAY OF PROCEEDINGS**

This matter is before the Court on Defendant David Saad's motions for stay of proceedings [Dkt. # 66]. On December 11, 2007, the Court issued an opinion and order [Dkt. # 53] denying Defendant Saad's [Dkt. # 43] and Defendant Brad Davis's [Dkt. # 44] motions for summary judgment concluding that they were not entitled to qualified immunity. The Court's opinion noted a dramatic difference of the description of events between Plaintiff's witnesses and Defendants' witnesses. Moreover, Plaintiff's testimony and Defendant Saad's testimony differ regarding the entirety of their interaction. For example, Plaintiff testified that he was with his hands on a wall, when Defendant Saad approached and immediately discharged pepper spray without warning at Plaintiff's face to the point that Plaintiff fell unconscious. Defendant Saad, however, testified that Plaintiff physically resisted Defendant Saad's attempts to place handcuffs on Plaintiff. At that point, Defendant Saad discharged pepper spray to subdue Plaintiff. See Dkt. # 53.

Defendant Davis filed a notice of appeal on December 17, 2007 and Defendant Saad filed an notice of appeal on December 31, 2007. According to the Court's scheduling order, the trial is set to begin on January 22, 2008. The parties then submitted a stipulation to stay proceedings pending a decision regarding qualified immunity from the Sixth Circuit. The Court informed the parties that it would not accept the stipulation. On January 7, 2008, Defendant Saad filed the instant motion. Neither Plaintiff nor Defendant Davis opposed the motion.

On January 9, 2008, the Court held its scheduled final pre-trial conference. At the conference, counsel indicated that each concurred in the motion and that oral arguments were unnecessary. Defendant Saad submitted on the papers. The Court concludes that oral argument will not aid in the disposition of the motions. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

Defendant Saad contends that the Court is compelled to stay proceedings because Defendant Saad's interlocutory appeal concerns the Court's determination of qualified immunity. He cites the following authority in support of his motion: FED. R. CIV. P. 7(b), FED. R. APP. P. 8(a), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985). The Court is unpersuaded by the offered authority and concludes that it is within its discretion to deny Defendant Saad's request to stay proceedings.

First, FED. R. CIV. P. 7(b) addresses the procedure for a party to request a court order. In this case, Defendant Saad moved for to stay proceedings by motion; a matter not addressed by FED. R. CIV. P. 7(b). Similarly, FED. R. APP. P. 8(a) directs a party to file a motion to stay in the district court for a stay of proceedings pending the appeal of a judgment or order. Defendant Saad has met the procedural requirements by requesting this Court to stay proceedings.

Defendant Saad substantively relies on the United States Supreme Court's decisions in *Harlow*, 457 U.S. at 818-20 and *Mitchell*, 472 U.S. at 530. The Court recognizes that *Mitchell* explicitly held that "a district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law,* is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* (emphasis added). Upon review of the Court's opinion with respect to qualified immunity, the Court does not ascertain that Defendant's appeal relates to a question of law. Instead, the Court finds that the dispute is factual, as demonstrated by the varying description of the operative events by Plaintiff's witnesses and Defendants' witnesses. Moreover, Defendant's brief did not offer or suggest any legal basis as foundation for its interlocutory appeal.

Thus, the Court concludes that Defendant Saad has not demonstrated that his appeal concerns a question of law that would persuade this Court to grant his motion to stay in light of the Supreme Court's holding in *Mitchell*, 472 U.S. at 530.

Accordingly, it is **ORDERED** that Defendants David Saad's motion for stay of proceedings [dkt. # 66] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 11, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS